IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.M., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY INTERMEDIATE | : | |
| UNIT | : | NO. 17-1583 |

MEMORANDUM

Bartle, J.                                          March 26, 2018

Before the court is the motion of plaintiffs J.M. and

C.M. for attorneys' fees and costs under the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

and Section 504 of the Rehabilitation Act of 1973 ("Section

504"), 29 U.S.C. §§ 794 et seq.[1]

I

Plaintiffs filed an administrative due process

complaint against defendant Montgomery County Intermediate Unit

("MCIU") on September 21, 2016.  In that complaint, plaintiffs

alleged violations of the IDEA and Section 504.  Plaintiffs

asserted:

> This complaint concerns a past rather than
> continuing denial of [a Free Appropriate
> Public Education "FAPE"].  In particular,
> Parents seek compensatory education for
> MCIU's failure to provide [C.M.] with
> appropriate services including a placement
> in a developmental preschool, from when he

---

1.  J.M. and C.M. bring this action on behalf of C.M., a minor,
as well as individually on their own behalf. We refer to
plaintiffs by initials to protect the identity of C.M.

was referred to Early Intervention in August
2014 until December 2015, and for failure to
provide related services at the level
required for [C.M.] to make meaningful
progress.

The administrative complaint also alleged that MCIU had wrongly classified C.M. as emotionally disturbed from the time of his initial evaluation through May 26, 2016, when MCIU agreed to change C.M.'s classification to autistic.  In their prayer for relief, plaintiffs sought:  (1) compensatory education; (2) any other equitable remedies deemed proper and just; and (3) attorneys' fees and costs.

Thereafter an administrative hearing officer conducted a hearing spanning three full days which included ten witnesses and sixty exhibits.  At the conclusion of the hearing, the parties submitted proposed findings of fact and closing memoranda of law.  In their closing memorandum, plaintiffs again requested "compensatory education for [MCIU's] failure to place [C.M.] in a developmental preschool beginning on January 5, 2015 through November 29, 2015 (i.e., from implementation of [C.M.'s] initial IEP up to the date when [MCIU] placed him at a developmental preschool, the Gulf School)."  Plaintiffs calculated that C.M. was entitled to approximately 900 hours of compensatory education.

The hearing officer issued his decision on January 11, 2017.  He concluded that MCIU violated C.M.'s procedural rights

under the IDEA by improperly classifying him as a student with emotional disturbance.  The hearing officer further found that MCIU substantively denied C.M. a FAPE from January 5, 2015 through June 9, 2016, the day C.M. left MCIU.[2]  This conclusion was based on a finding that C.M. failed to make meaningful progress throughout the entirety of his time with MCIU.  As a remedy, the hearing officer awarded five hours of compensatory education for each day MCIU was in session from January 5, 2015 through June 9, 2016, which amounted to a total of 1350 hours.

MCIU appealed the decision to this court, as permitted under the IDEA.  See 20 U.S.C. § 1415(i)(2)(A).  On October 12, 2017, we issued a memorandum opinion and order granting in part and denying in part the motion of MCIU for judgment on the administrative record.  Montgomery Cty. Intermediate Unit No. 23 v. C.M., No. CV 17-1523, 2017 WL 4548022, at *9 (E.D. Pa. Oct. 12, 2017).

Specifically, we affirmed the hearing officer's finding that the initial evaluation and classification of C.M. violated the IDEA.  Id. at *6.  We further affirmed the hearing officer's finding of a denial of FAPE from January 5, 2015 through November 19, 2015.  Id. at *6-8.  However, we reversed

_____

2.  C.M. was placed by his parents in a recreation summer camp beginning June 10, 2016 and then began kindergarten in his local school district.  Thus as of that date, MCIU was no longer the "local educational agency" responsible for providing services to C.M.  See 20 U.S.C. § 1401(19)(A).

-3-

the hearing officer's decision to the extent he found that C.M. had been denied a FAPE while enrolled in the developmental preschool from November 20, 2015 through June 9, 2016.  Id. at *7-8.  We reasoned that the hearing officer's decision on this point was contradicted by his own findings of fact, which recognized that the developmental preschool was an appropriate placement for C.M.  Id. at *8.  We further found that C.M. had, in fact, made progress while enrolled in the developmental preschool.  Id.  We thus reduced the award of compensatory education to five hours per day for each day MCIU was in session from January 5, 2015 through November 19, 2015.  Id. at *8-9. In the accompanying order, we directed the parties to confer on the calculation of the final award and the manner in which the compensatory education would be provided.  The parties ultimately agreed to a total award of 820 hours of compensatory education and thereafter stipulated to dismissal of the action with prejudice on December 21, 2017.

Contemporaneous with MCIU's appeal, plaintiffs filed this separate action for attorneys' fees and costs.  Plaintiffs seek $97,895 in attorneys' fees, $400 in costs, and $3,200 in expert fees.  We held the fee action in suspense pending the outcome of the MCIU's substantive appeal.  Once that decision was issued, we removed the case from suspense and the parties have now fully briefed the issue.

Under the IDEA, a court may award reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I). A parent qualifies as a prevailing party if he or she "'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

To determine a reasonable award of attorneys' fees, the court must first calculate the lodestar, which is the number of hours reasonably expended multiplied by a reasonable hourly rate for legal services. Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 595 (3d Cir. 2000). A reasonable hourly rate is determined according to the prevailing market rates in the community for lawyers of reasonably comparable skill, reputation, and experience. Id. The prevailing party bears the burden of establishing that the hourly rates and total number of hours expended are reasonable. Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

Here, plaintiffs seek $325 an hour for attorneys Nicole Reimann, Leah Snyder Batchis, and Jennifer Nestle. They seek $240 an hour for attorney Jessica Fried. In support of

their motion, plaintiffs have submitted the affidavit of Reimann. In that affidavit, Reimann states that she has practiced law for over twenty-eight years. She founded Batchis Nestle and Reimann, LLC in 2015 and has focused primarily on civil rights and special education matters since that time. Nestle has over twenty years of experience and has practiced special education law exclusively since 2008. Batchis has practiced law since 2006 and also focuses exclusively on special education and civil rights law. Finally, Fried has almost eight years' experience and has worked as a contract attorney with the firm since 2015.

Plaintiffs have also submitted the affidavits of attorneys Judith Gran and Dennis R. Suplee. Both Gran and Suplee are seasoned litigators familiar with the work of plaintiffs' attorneys. Gran has over thirty-five years of experience in disability rights law. Suplee is a partner and former chairman of Schnader Harrison Segal and Lewis LLP who has known Reimann since 1989.

The affidavits of Gran and Suplee establish that the hourly rates sought by plaintiffs are reasonable and within the range of prevailing rates charged by Philadelphia attorneys with similar skills and experience. In fact, Gran opines that the rate sought by Reimann is "extremely modest for an attorney of her 28 years of experience" and that the rates of Nestle and

Batchis are "too low."  In comparison, Gran herself has been awarded a rate of $525 an hour in IDEA actions within this district.  See Sch. Dist. of Phila. v. Kirsch, No. 14-4910, 2017 WL 131808, at *6 (E.D. Pa. Jan. 11, 2017).  Gran also states that the rate for Fried is reasonable given her qualifications and experience.  Suplee declares that Reimann is a "first-rate trial lawyer" who previously billed $665 an hour as a partner at Schnader.

MCIU has not submitted evidence to dispute the reasonableness of the hourly rates of plaintiffs' attorneys. Thus, after review of the record this court finds that the rates sought by plaintiffs are reasonable and will be approved.

We turn next to the reasonableness of the total number of hours submitted by plaintiffs.  Plaintiffs seek reimbursement for the following hours for the administrative proceedings: (1) 176.7 hours for Reimann; (2) 2.8 hours for Nestle; (3) 0.5 hours for Batchis; and (4) 6.5 hours for Fried.  For work on the appeal to this court and fee action, plaintiffs seek to recover: (1) 98.1 hours for Reimann; (2) 15.3 hours for Fried; and (3) 1.1 hours for Nestle.

In support of these hours, plaintiffs have submitted detailed invoices.  A review of these invoices demonstrates that Reimann did the vast majority of work on this matter, with limited consultation from her colleagues.  We find no evidence

of duplication of work.  Our review of the invoices, as well as

the declarations submitted by plaintiffs, also establishes that

the amount of time billed is not excessive.  In her declaration,

Gran states that the time spent by Reimann and her colleagues is

reasonable given the outcome in this matter.  Gran herself has

represented over 100 special education students and recently has

spent 200-500 hours on IDEA actions in which the administrative

decision is appealed to federal court.  Suplee also opines that

Reimann is an efficient attorney and that the time spent by

Reimann and her colleagues is reasonable.

    However, MCIU asserts that plaintiffs' fee award

should be reduced by 39 percent to reflect the reduction made by

this court to the hearing officer's award of compensatory

education.  A lodestar may be reduced "to account for 'limited

success' by a plaintiff, focusing on the 'significance of the

overall relief obtained by the plaintiff in relation to the

hours reasonably expended on the litigation.'"  McCutcheon v.

Am.'s Servicing Co., 560 F.3d 143, 151 (3d Cir. 2009) (quoting

Hensley, 461 U.S. at 435–36).  The Supreme Court in Hensley

rejected a "mathematical approach comparing the total number of

issues in the case with those actually prevailed upon."

461 U.S. at 435 n.11.  Instead, "the most critical factor is the

degree of success obtained."  Id. at 436.  The Court further

stated that "[w]here a plaintiff has obtained excellent results,

his attorney should recover a fully compensatory fee," even if plaintiff failed to prevail on every contention raised in the action.  Id. at 435.

The record here does not support the reduction proposed by MCIU.  As stated above, in the administrative action plaintiffs claimed that:  (1) MCIU had incorrectly classified C.M. as emotionally disturbed rather than autistic; and (2) that C.M. had been denied a FAPE and therefore was entitled to compensatory education.  Plaintiffs prevailed on both claims.  In their administrative complaint as well as their closing memorandum of law, plaintiffs sought compensatory education for the period of January 5, 2015 through the end of November, 2015, or approximately 900 hours.  The hearing officer ultimately awarded 1350 hours of compensatory education, substantially more than requested by plaintiffs, and we reduced that award on appeal.  Plaintiffs, however, should not be penalized by the hearing officer's erroneous award and this court's ultimate decision to reduce the award to approximate what plaintiffs initially sought.

Plaintiffs here obtained an "excellent" result of five hours a day of compensatory education for C.M. for the period of January 5, 2015 through November 19, 2015, which resulted in an agreement to 820 hours total.  See Hensley, 461 U.S. at 435.  As stated by Gran in her affidavit, "[a]n award of five hours a day

of compensatory education for a preschool child is most unusual in Pennsylvania special education litigation."  Gran further states that the hearing officer's finding that C.M. was incorrectly classified is significant because "[t]he appropriateness of an evaluation conducted by a local education agency is one of the most difficult issues for parents and their attorneys to challenge."  Thus, according to Gran, "[t]he findings of the Hearing Officer, affirmed by the District Court, will be extremely helpful for parents in other special education cases."  We credit Gran's statements on this point given her extensive experience in disability and special education law.

MCIU also asserts that the award of fees should be reduced because plaintiffs "had no intention [of] actually trying to resolve the legal fee dispute."  The record, however, demonstrates that the parties did engage in efforts to settle the fee dispute but were ultimately unsuccessful.[3]  We decline to reduce the award on this ground.

Accordingly, plaintiffs will be awarded attorneys' fees in the amount of $97,895.

---

3.  Under the IDEA, a court may not award attorneys' fees if the plaintiff rejected a written offer of settlement made more than ten days before the due process hearing and the court or hearing officer finds that the relief ultimately obtained by the plaintiff is not more favorable than the offer of settlement. 34 C.F.R. § 300.517(c)(2).  Here, MCIU made an offer of $1,962 with no attorneys' fees and therefore this provision does not bar plaintiffs' recovery.

III

We turn next to plaintiffs' request for reimbursement
of costs and expenses.  Specifically, plaintiffs seek the
following:  (1) $400 for filing fees; and (2) $3,200 in expert
fees.  The IDEA states that a court "may award reasonable
attorneys' fees as part of the costs" to a prevailing party and
does not otherwise enumerate the costs recoverable under the
statute.  20 U.S.C. § 1415(i)(3)(B).  The Supreme Court has
instructed that the costs recoverable under the IDEA are thus
limited to those listed in 28 U.S.C. § 1920, the general statute
governing the taxation of costs in federal court.  Arlington
Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297,
301-02 (2006).  Section 1920 specifically authorizes recovery of
fees paid to the clerk and therefore the $400 filing fee sought
by plaintiffs will be allowed.  See 28 U.S.C. § 1920(1).

As for the expert fees sought by plaintiffs, the
Supreme Court has held that such expenses are not recoverable
under the IDEA.  See Arlington, 548 U.S. at 297-303.  Section
504, on the other hand, incorporates the remedies available
under the Civil Rights Act of 1964, which specifically provides
for the recovery of expert fees.  42 U.S.C. § 2000e-5(k); see
also A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 803-04 (3d
Cir. 2007).  On this basis, courts have authorized the recovery
of expert fees where plaintiffs raised both IDEA and Section 504

claims.  See, e.g., M.W. v. Sch. Dist. of Phila., No. 15-5586,

2016 WL 3959073, at *2, *7 (E.D. Pa. July 22, 2016); M.M. v.

Sch. Dist. of Phila., 142 F. Supp. 3d 396, 413 (E.D. Pa. 2015);

Elizabeth S. v. Sch. Dist. of Phila., No. 11-1570, 2012 WL

2469547, at *5 (E.D. Pa. June 28, 2012); but see Rena C. v.

Colonial Sch. Dist., 221 F. Supp. 3d 634, 651 (E.D. Pa. 2016).

        Here, plaintiffs brought their due process complaint

under both the IDEA and Section 504.  The hearing officer found

that MCIU denied C.M. a FAPE without explicitly referencing

either statute.  Like IDEA, Section 504 requires MCIU to provide

a FAPE to handicapped children.  See D.K. v. Abington Sch.

Dist., 696 F.3d 233, 253 n.8 (3d Cir. 2012).  Thus the hearing

officer's finding that C.M. was denied a FAPE would apply to

plaintiffs' IDEA claim as well as their claim brought under

Section 504.[4]

        We also find that the amount of the expert fees

requested is reasonable.  These fees were incurred to compensate

Dr. James Stone, Ph.D., a neuropsychologist who performed an

independent educational evaluation regarding the classification

and placement of C.M.  We therefore will include $3,200 in

expert fees in our award to plaintiffs.

---

4.  While this court affirmed the hearing officer's finding that
C.M. was denied a FAPE from January 5, 2015 through November 19,
2015 under the IDEA only, we did not intend to exclude recovery
under Section 504.  The analysis here is the same under both
statutes.  See C.M., 2017 WL 4548022, at *7-8.

IV

Accordingly, the motion of plaintiffs for attorneys'
fees in the amount of $97,895, costs in the amount of $400, and
expert fees in the amount of $3,200 will be granted.